UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE RYAN UEHLING, | CASE NO. MC F 13-0022 LJO BAM |
| | **ORDER ON RECONSIDERATION OF COMPELLED DEPOSITION QUESTIONS** (Docs. 23, 26.) |
| KELLY NELSON, | |
| Plaintiff, | |
| vs. | |
| MILLENNIUM LABORARTIES, INC., et al., | |
| Defendants. | |
| _____/ | |

### **PRELIMINARY STATEMENT TO PARTIES AND COUNSEL**

Judges in the Eastern District of California carry the heaviest caseload in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. This Court cannot address all arguments, evidence and matters raised by parties and addresses only the arguments, evidence and matters necessary to reach the decision in this order given the shortage of district judges and staff. The parties and counsel are encouraged to contact United States Senators Diane Feinstein and Barbara Boxer to address this Court's inability to accommodate the parties and this action.

### **INTRODUCTION**

Non-party deponent Ryan Uehling ("Mr. Uehling") seeks reconsideration of U.S. Magistrate Judge Barbara McAuliffe's June 27, 2013 order ("June 27 order") to overrule Mr.

1

Uehling's objections and to compel his answers to defendant Millennium Laboratories, Inc.'s ("Millennium's") deposition questions. Millennium contends that Mr. Uehling points to no legal error with the June 27 order and provides neither facts nor legal authority to warrant reconsideration. This Court considered Mr. Uehling's reconsideration motion on the record, and for the reasons discussed below, DENIES reconsideration.

## BACKGROUND

### Millennium Laboratories, Inc.'s Motion To Compel

Mr. Uehling is a non-party deponent in an Arizona district court action brought by plaintiff Kelly Nelson ("Ms. Nelson") against Millennium to pursue employment related claims. Mr. Uehling is a former Millennium regional director and supervised Ms. Nelson prior to his termination. Mr. Uehling resides in this Court's district.

At his April 2, 2013 deposition, Mr. Uehling asserted a "statutory" privilege based on statutory obligations not to reveal information and the attorney-client privilege to object to questions regarding: (1) Mr. Uehling's actions as to Millennium property after his termination; (2) whether attorneys instructed Mr. Uehling to take certain action with Millennium's property; (3) information and directives provided by United States attorneys; and (4) meetings among Mr. Uehling and attorneys representing Ameritox, Millennium's competitor. The statutory privilege appears to arise from confidentiality mandated by the False Claims Act ("FCA"), 31 U.S.C. §§ 3729, et seq., for qui tam actions.

Millennium pursued a motion to compel Mr. Uehling's deposition testimony over his objections.

### The June 27 Order

The June 27 order effectively overruled Mr. Uehling's objections based on a statutory privilege. The June 27 order explained that relators "providing testimony as a non-party witness in cases unrelated to the qui tam action do not publicly disclose the nature and existence of the qui tam action if the deposition testimony is not filed with the court." The June 27 order reasoned that "requiring Uehling to answer questions to which he asserted this statutory privilege in a sealed deposition does not jeopardize any 'statutory privilege'" to entitle

Millennium "to explore Uehling's potential bias and credibility" on the condition that Mr. Uehling's answers "shall be taken under seal" and "not made part of a court's public record."

The June 27 order further overruled Mr. Uehling's attorney-client privilege objections as to:

1. "[A]ctions he took with Millennium property" in that the questions addressed "periods of time prior to Uehling's contact with [an] attorney to represent him" and the attorney-client privilege "does not shield underlying facts" subject to the questions;

2. Whether attorneys instructed Mr. Uehling to take action regarding Millennium's property in that the crime-fraud exception applies to such communications given the "reasonable relationship between the crime or fraud and the attorney-client communication" to render such communication unprivileged;

3. Whether U.S. government representatives or attorneys instructed Mr. Uehling to assert the statutory privilege and the identity of such representative or attorney given Mr. Uehling's failure "to demonstrate the existence of an attorney client relationship"; and

4. Whether Ameritox attorneys represent or communicated with Mr. Uehling in that Mr. Uehling "failed to demonstrate the existence of an attorney-client relationship" and no Millennium question "inquired into the substance of any potential communications."

The June 27 order required Mr. Uehling's deposition to proceed under seal within 20 days.

## DISCUSSION

### Reconsideration Standards

Mr. Uehling characterizes the June 27 order as "clearly erroneous and contrary to law" by allowing the "continued harassment and deposition of Mr. Uehling."

Reconsideration motions are committed to the discretion of the trial court. *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. *See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part*

3

1  *and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

2  This Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and F.R.Civ.P. 72(a). As such, the court may only set aside those portions of a Magistrate Judge's order that are either clearly erroneous or contrary to law. F.R.Civ.P. 72(a); *see also Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under F.R.Civ.P. 72(a)).

A magistrate judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed. *Security Farms v. International Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997); *Green v. Baca*, 219 F.R.D. 485, 489 (C.D. Cal. 2003). The "'clearly erroneous' standard is significantly deferential." *Concrete Pipe and Products of California, Inc. v. Construction Laborers Pension Trust for Southern California,* 508 U.S. 602, 623, 113 S.Ct. 2264 (1993).

The "contrary to law" standard allows independent, plenary review of purely legal determinations by the magistrate judge. *See Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3rd Cir.1992); *Green*, 219 F.R.D. at 489; *see also Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008); *Rathgaber v. Town of Oyster Bay*, 492 F.Supp.2d 130, 137 (E.D.N.Y.2007); *Surles v. Air France*, 210 F.Supp.2d 501, 502 (S.D.N.Y. 2001); *see Adolph Coors Co. v. Wallace*, 570 F.Supp. 202, 205 (N.D. Cal. 1983).

"Pretrial orders of a magistrate under § 636(b)(1)(A) . . . are not subject to a de novo determination . . ." *Merritt v. International Bro. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes*, 951 F.2d at 241; *see Phoenix Engineering & Supply v. Universal Elec.*, 104 F.3d 1137, 1141 (9th Cir. 1997) ("the clearly erroneous standard allows [for] great deference"). A district court is able to overturn a magistrate judge's ruling "'only if the district court is left with the definite and firm conviction that a mistake has been made.'" *Computer Economics,*

4

*Inc. v. Gartner Group, Inc.*, 50 F.Supp.2d 980, 983 (S.D. Cal. 1999) (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)).  Nonetheless, "[m]otions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs."  *Hendon v. Baroya,* 2012 WL 995757, at *1 (E.D. Cal. 2012) (citing *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir.2001); *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir.1988)).

With these standards in mind, this Court turns to Mr. Uehling's criticisms of the June 27 order.

### **Statutory Privilege**

Mr. Uehling asserts that "he is under a legal obligation not to reveal either the nature of, or the factual basis for, the privilege he is asserting."  Mr. Uehling contends that "[a]llowing Millennium to ask detailed questions regarding their [sic] belief that a qui tam exists . . . creates a chilling effect on potential whistleblowers."  Mr. Uehling argues that the June 27 order "has directly affected (and potentially fatally so) litigation that may be pending in another jurisdiction."

Mr. Uehling offers no meaningful challenge to the June 27 order's handling of the statutory privilege.  The June 27 order avoids public disclosure of a potential qui tam action by requiring Mr. Uehling's deposition to remain under seal.  The June 27 order properly balances the competing interests of FCA secrecy and Millennium's interests in Ms. Nelson's action against Millennium.  Mr. Uehling fails to demonstrate that FCA confidentiality grants a wholesale bar to inquiry into underlying facts of a potential qui tam action which overlap with ongoing litigation.  *See American Civil Liberties Union v. Holder*, 673 F.3d 245, 254 (4th Cir. 2011) ("the seal provisions limit the relator only from publicly discussing the filing of the qui tam complaint. Nothing in the FCA prevents the qui tam relator from disclosing the existence of the fraud").  Mr. Uehling offers no support for his hyperbolic claims of stifling whistle blowing or thwarting potential FCA litigation.  Nothing indicates that potential FCA claims will be damaged or dismissed by Mr. Uehling's continued deposition under seal, especially considering that the June 27 order and this Court compel his deposition answers.

5

**Attorney-Client Privilege**

Mr. Uehling faults the June 27 order's application of the crime-fraud exception in the absence of "evidence or reasonable inference that Mr. Uehling sought an attorney's services to enable him to obtain Millennium documents." Mr. Uehling overlooks the June 27 order's reasoning that questions addressed time periods "prior to Uehling's contact with attorneys to represent him" and the absence of an attorney-client privilege as to "underlying facts." As such, contrary to Mr. Uehling's claim, the June 27 order recognized "the nature of the questions being asked" and ruled properly to invoke the crime-fraud exception. The June 27 order recognizes and properly applied the "very limited" scope of the crime-fraud exception given Mr. Uehling's admissions that he transported without authorization his Millennium laptop with Millennium's secrets across state lines. This Court is not in a position to reweigh the evidence whether "the services of the lawyer were sought or obtained to enable or aid anyone to commit or plan to commit a crime or a fraud." *See* Cal. Evid. Code, § 956. A "specific showing of the client's intent in consulting the attorney is not required." *BP Alaska Exploration, Inc. v. Superior Court,* 199 Cal.App.3d 1240, 1268, 245 Cal.Rptr. 682 (1988). Mr. Uehling's overreaching points of Millennium's motives are unavailing.

Mr. Uehling further challenges the June 27 order's handling of his contact with Armeritox which Mr. Uehling contends "reveals the scope of litigation given the nature of the relationships" among Millennium, Ameritox and their attorneys. Mr. Uehling fails to demonstrate that the June 27 order erred to reject a common interest privilege within the context of the attorney-client privilege. Mr. Uehling points to nothing to establish his attorney-client relationship with Ameritox or its attorneys or that questions to him addressed the substance of communications subject to a joint interest and in turn the attorney-client privilege. Nothing suggests that communications with Ameritox furthered legal representation of Mr. Uehling or related goals. In addition, Mr. Uehling fails to support his overreaching claim that every objectionable question addressed communications with a well known qui tam firm, government attorneys and grand jury proceedings.

Mr. Uehling's other criticisms of the June 27 order are unavailing and require no further

comment by this Court.

## **CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DENIES Mr. Uehling reconsideration;

2. ORDERS Mr. Uehling to appear no later than August 2, 2013 for a reopened deposition to be set practicably to best accommodate the parties;

3. LIMITS Mr. Uehling's deposition to four hours and its scope to the objected to questions with limited follow up reasonably necessary to clarify or explain Mr. Uehling's answers;

4. DECLINES to impose sanctions on Mr. Uehling and/or his counsel but ADMONISHES all parties and counsel of their potential liability under 28 U.S.C. § 1927, F.R.Civ.P. 11, and other authorities; and

5. ORDERS the parties to address future issues as to the Mr. Uehling's deposition first with U.S. Magistrate Judge McAuliffe.


IT IS SO ORDERED.

Dated:   **July 19, 2013**                    **/s/ Lawrence J. O'Neill**
                                              UNITED STATES DISTRICT JUDGE

7