UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re Ryan Uehling | Case No. 1: 13-mc-00022-BAM |
| Kelly Nelson,<br><br>　　　　　　　Plaintiff,<br><br>Millennium Laboratories, Inc., *et al.*,<br><br>　　　　　　　Defendants.<br><br>*Pending in the United States District Court for the District of Arizona as Case No. 2: 12-cv-01301-SLG* | **ORDER DENYING MILLENNIUM LABORATORIES, INC.'S EX PARTE APPLICATION TO SHORTEN TIME ON ITS MOTION TO UNSEAL PORTIONS OF RYAN UEHLING'S DEPOSITION TESTIMONY** |

## I.　INTRODUCTION

Currently before the Court is Millennium Laboratories, Inc.'s ("Millennium") Ex Parte application to shorten time on its motion to unseal portions of Ryan Uehling's deposition testimony. (Doc. 69.) A hearing was held on May 8, 2014. Counsel Stephanie Borchers appeared by telephone for Ryan Uehling. Ryan Eddings appeared by telephone for Millennium. Having considered the parties' arguments and the entire record in this case, Millennium's Ex Parte Application is DENIED.

## II.　DISCUSSION

Local Rule 144(e) governs ex parte applications to shorten time. "Ex Parte applications to shorten time will not be granted except upon affidavit of counsel showing a satisfactory explanation for the need for the issuance of such an order . . . ." L.R. 144(e). Courts in the Fresno Division of Eastern District of California have interpreted this rule to require a showing of "good cause" to hear

**ORDER**

a motion on shortened time.  *See, Flores v. Merced Irr. Dist.,* No. 09-cv-1529-LJO-DLB, 2010 WL 4877795 (E.D. Cal., Nov. 23, 2010) ("Plaintiff has not demonstrated good cause to hear the motion on shortened time.")

Millennium has not shown good cause to hear its motion to unseal on shortened time. Millennium argues the approaching trial date in the underlying *Nelson* litigation – July 29, 2014 – creates the need for expedited relief.  The proximity of the *Nelson* trial date is not good cause for expedited consideration of Millennium's motion to unseal.  As the Court explained during the May 8, 2014 hearing, there numerous remedies Millennium can seek at trial from the *Nelson* court concerning Mr. Uehling's testimony. Moreover, Millennium's regularly noticed motion, currently set for hearing on May 30, 2014, provides ample time for this Court to consider the matter before the *Nelson* trial.

Millennium also argues that "Uehling continues to disobey this Court's June 27, 2013 Order [, and] Millennium intends to move to hold Uehling in contempt . . . ." (Doc. 69, 2: 5-6.)  The Court's June 27, 2013 ordered Mr. Uehling to sit for an additional deposition under seal, and has no relation to the request before this Court.  As a practical matter, if Mr. Uehling has refused to answer certain questions, such conduct cannot possibly concern Millennium's motion to unseal deposition testimony because the testimony does not yet exist.  Moreover, even if Mr. Uehling's refusal to answer certain questions was improper, this conduct does not create good cause to hear Millennium's motion to unseal on an expedited basis, especially since the defendants have copies of the transcript.  The issue of unsealing merely centers around their use at trial.

//
//
//
//
//
//
//
//
//

**ORDER**

Accordingly, in light of the present issues and those previously litigated with regard to sealing and to give each side an adequate amount of time to brief the issues to this Court for its consideration, the Court finds that no good cause exists to expedite this unsealing request.

### III.   CONCLUSION

Based on the foregoing, Millennium's Ex Parte Application to shorten time on its motion to unseal documents is DENIED.

The Court further ORDERS the parties, no later than May 15, 2014, SHALL meet and confer in order to narrow the portions of the transcripts which are in fact in dispute.

IT IS SO ORDERED.

Dated:   **May 8, 2014**

UNITED STATES MAGISTRATE JUDGE