UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

In Re Ryan Uehling

Case No. 1: 13-mc-00022-BAM

Kelly Nelson,

    Plaintiff,

Millennium Laboratories, Inc., *et al.,*

    Defendants.

*Pending in the United States District Court for the District of Arizona as Case No. 2: 12-cv-01301-SLG*     /

**ORDER GRANTING MILLENNIUM LABORATORIES, INC.'S MOTION FOR AN ORDER TO SHOW CAUSE;**

**FINDINGS AND RECOMMENDATIONS TO HOLD RYAN UEHLING IN CONTEMPT OF COURT**

## I.  INTRODUCTION

  Currently before the Court is Millennium Laboratories, Inc.'s ("Millennium") Motion to for an Order to Show Cause as to why Ryan Uehling ("Uehling") should not be held in contempt of court for his refusal to answer three deposition questions pursuant to this Court's June 27, 2013 Order compelling further deposition testimony.  Doc. 72, 73. Uehling filed an opposition on May 23, 2014. Doc. 80.  The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g) and vacated the hearing set for May 30, 2014. (Doc. 84.)

  Having carefully considered the parties' briefs, as well as the entire record in this case, the Court GRANTS Millennium's Motion for an Order to Show Cause, and issues the following findings and recommendations.

1

## II.   BACKGROUND

This dispute arises out of discovery in litigation currently pending in the United States District Court for the District of Arizona, *Nelson v. Millennium Laboratories, Inc.*, No. 2:12-cv-01301-SLG (D. Ariz. filed June 18, 2012). In that case, Plaintiff Kelly Nelson ("Nelson"), a former Millennium employee, asserts various employment-related claims (age and sex discrimination, sexual harassment, retaliation and various tort-based claims).  Among these claims, Nelsen alleges Millennium retaliated against her for complaining about Millennium's improper business practices.

Uehling is not a party to the Arizona case. Uehling, a former Millennium employee, previously held the position of Regional Business Director in the West region and directly supervised Nelson prior to his termination from Millennium.  Nelson identified Uehling as a witness in support of her claims against Millennium.  Uehling resides in this District.

Uehling appeared for deposition on April 2-3, 2013, pursuant to notices and subpoenas served by both Nelson and Millennium. During direct examination by Nelson's counsel, Uehling testified, *inter alia*, that Nelson had been a model employee while reporting to him at Millennium and that in his view, there was no job-related basis for her termination. Uehling also testified that Nelson had expressed concerns to him regarding certain business practices that she had been directed to participate in as a Millennium employee.

Millennium's counsel thereafter sought to explore Uehling's potential bias.  Uehling refused to answer 135 questions on grounds of relevance and various privilege assertions. Millennium moved to compel Uehling to respond, which this Court granted in its entirety. Doc. 22, at 13. In relevant part, the Court ordered Uehling to answer the three outstanding questions (among other questions), holding that "[t]he crime-fraud exception applies to communications by Uehling's attorneys directing Uehling to take certain actions with Millennium property." *Id*. at 9-10. Uehling then moved for reconsideration before Judge O'Neill, who denied Uehling's motion in its entirety and held that the Court "ruled properly to invoke the crime-fraud exception." Doc. 28 at 6.

Uehling petitioned the Ninth Circuit for mandamus relief, and obtained a stay from the Ninth Circuit with respect to five deposition questions (including the three questions still outstanding). On February 21, 2014, the Ninth Circuit denied Uehling's mandamus petition for three independent

reasons. Doc. 58. First, the Ninth Circuit held that "[t]he district court did not clearly err, as required for mandamus to issue." *Id.* at 2. Second, the Ninth Circuit held that mandamus was inappropriate "because Uehling has adequate alternative means to obtain relief," i.e., appealing a contempt citation. *Id.* at 2-3.   Finally, the Ninth Circuit held that mandamus was inappropriate because "the district court's order does not raise particularly new, injurious, or oft-repeated legal issues." *Id.* at 3. Uehling then filed a motion for rehearing en banc, which was denied on April 3, 2014. Doc. 65.

On April 21, 2014, Millennium deposed Uehling to obtain testimony regarding the five questions Uehling previously refused to answer. *See*, Transcript of Deposition of Ryan Uehling, dated April 21, 2014.   Uehling refused to answer three of the outstanding questions. *Id.* at 504:10-505:2, 505:18-25, 506:1-22. The three outstanding questions are as follows:

(1) "Did you get an instruction from a law firm to copy Millennium files after you were terminated, Mr. Uehling?"

(2) "Did an attorney instruct you not to return company property?" and

(3) "Did you do these things, deliver materials to Houston, the hard drive with the Millennium files copied from your laptop and the hard copy documents that you had in your possession that were Millennium documents, did you deliver those to the firm in Houston at somebody else's request?"[1]

Millennium now moves this Court, pursuant to Federal Rules of Civil Procedure 37 and 45, to order Uehling to appear before Judge O'Neill on a date certain to show cause as to why he should not be adjudged in contempt for his refusal to answer the Subject Questions pursuant to this Court's June 27, 2013 Order.  Millennium requests that the Court recommend to Judge O'Neill that Uehling: (1) be held in custody until he obeys the Court's June 27, 2013 Order; (2) be sanctioned in the amount of $5,000 per day until he obeys the Court's June 27, 2013 Order; and (3) be ordered to compensate Millennium for its costs, expenses, and attorney's fees associated with Millennium's depositions of Uehling, its motion to compel his testimony, and this motion.

---

[1] These three unanswered questions are collectively referred to as the "Subject Questions."

# III.   DISCUSSION

## A.   Legal Standard For Contempt Proceedings

Rule 37(b)(1) of the Federal Rules of Civil Procedure provides, "[i]f the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court." *See also, Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986) ("Civil contempt occurs when a party fails to comply with a court order"); *Reno Air Racing Ass'n, Inc. v. McCord,* 452 F.3d 1126, 1130 (9th Cir. 2006) (Civil contempt consists of a party's disobedience to "a specific and definite court order by failure to take all reasonable steps within the party's power to comply.")

Civil contempt is characterized by the court's desire to compel obedience to a court order, or to compensate the contemnor's adversary for the injuries which result from the noncompliance. *Flagstaff Brewing Corp., v. Miller Brewing Co.,* 702 F.2d 770, 778 (9th Cir. 1983) (citing, *Shillitani v. United States*, 384 U.S. 364, 370, 86 S.Ct. 1531, 1535 (1966); *Gompers v. Bucks Stove & Range Co.,* 221 U.S. 418, 448–449, 31 S.Ct. 492, 500–501, 55 L.Ed. 797 (1911)). Thus, there are two forms of civil contempt: compensatory and coercive. *United States v. Asay*, 614 F.2d 655, 659 (9th Cir. 1980). A contempt adjudication is civil in nature when the sanction imposed is wholly remedial, serves only the purposes of the complainant, and is not intended as a deterrent to offenses against the public. *McCrone v. United States*, 307 U.S. 61, 64, 59 S.Ct. 685, 686, 83 L.Ed. 1108 (1939).

In fashioning civil contempt sanctions, the court has the discretion to award reasonable fees and costs as a remedial measure, regardless of whether the party that is in contempt acted wilfully. *Perry v. O'Donnell*, 759 F.2d 702, 704–705 (9th Cir.1985) "The choice among the various sanctions rests within the discretion of the district court," *United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1369(9th Cir. 1980), and the Ninth Circuit "defer[s] considerably to the judgment of the district court in fashioning the appropriate sentence because of its proximity to the events out of which the contempt springs." *United States v. Flores*, 628 F.2d 521, 527 (9th Cir. 1980)

///

///

4

To demonstrate a finding of civil contempt is appropriate, the Millennium bears the initial burden to show the following: "(1) that [Uehling] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence." *U.S. v. Bright,* 596 F.3d 683, 694 (9th Cir. 2010) (internal citations and quotations omitted). Once the moving party does so, the contemnor must "demonstrate why [he] was unable to comply." *Id*.

**B.      Order to Show Cause**

**1.      Uehling is Ordered to Show Cause, Before the District Judge, as to Why He Should Not be Held in Contempt of Court**

Pursuant to 28 U.S.C. § 636(e), this court does not have the authority to issue contempt sanctions. Rather, as the parties have not consented to the magistrate judge presiding over all proceedings in this action, only the district judge has the authority to enter a finding of contempt. *See* 28 U.S.C. § 636(c) and (e)(4). Under § 636(e)(6)(B)(iii), if "the act constitutes civil contempt, the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question ..., an order requiring such person to appear before a district judge upon a day certain to show cause why that person would not be adjudged in contempt by reason of the facts so certified." 28 U.S.C. § 636(e)(6)(B)(iii). Upon such a certification, the "district judge shall thereupon hear the evidence as to the act or conduct complained of, and if it is such as to warrant punishment," the district judge may punish such person. *Id.*

This Court finds that Uehling's conduct "constitutes civil contempt." 28 U.S.C. § 636(e)(6)(B)(iii). Millennium has shown, by clear and convincing evidence, that Uehling violated the Court's June 27, 2013 Order by refusing to answer the Subject Questions. While Uehling has answered many of the questions previously compelled, he has not substantially complied with the June 27 Order because his refusal to answer the Subject Questions was not merely a technical or inadvertent violation. *See, Gen. Signal Corp. v. Donallco, Inc.,* 787 F.2d 1376, 1379 (9th Cir.1986) ("[i]f a violating party has taken all reasonable steps to comply with the court order, technical or inadvertent violations of the order will not support a finding of civil contempt .") (internal quotation marks and citation omitted.) Additionally, Uehling's refusal to answer the Subject Questions was not based on a

5

good faith or reasonable interpretation of the June 27, 2013 Order. Indeed, Uehling's opposition concedes he understood this Court's order to answer the Subject Questions, but affirmatively chose not to answer them. Uehling's rationale for refusing to answer these questions is unmistakable: Uehling invites these contempt proceedings because an order of contempt is the only way in which Uehling may obtain appellate review of the June 27, 2013 order. *See,* Doc. 80, 4: 7-13; 5: 17-26; 6: 7-13; 7: 22-27.

Accordingly, this Court certifies the following facts to the District Judge:

1. On June 27, 2013, this Court Ordered Uehling to answer the following questions:

   a. "Did you get an instruction from a law firm to copy Millennium files after you were terminated, Mr. Uehling?"

   b. "Did an attorney instruct you not to return company property?" and

   c. "Did you do these things, deliver materials to Houston, the hard drive with the Millennium files copied from your laptop and the hard copy documents that you had in your possession that were Millennium documents, did you deliver those to the firm in Houston at somebody else's request?" Doc. 22.

2. Uehling sought reconsideration of the Court's June 27, 2013 Order before Judge O'Neill. Judge O'Neill denied Uehling's motion for reconsideration. Doc. 28.

3. Uehling petitioned the Ninth Circuit for mandamus relief, and obtained a stay from the Ninth Circuit with respect to five deposition questions (including the three questions still outstanding). On February 21, 2014, the Ninth Circuit denied Uehling's mandamus petition. Uehling then filed a motion for rehearing en banc, which was denied on April 3, 2014. Doc. 65.

4. On April 21, 2014, Millennium deposed Uehling to obtain testimony regarding the five questions Uehling previously refused to answer. *See*, Transcript of Deposition of Ryan Uehling, dated April 21, 2014. Uehling refused to answer three of the outstanding questions.

5.    Uehling's failure to comply with the June 27 Order was not the result of mistake or confusion.  Uehling deliberately violated the Court's June 27 Order by refusing to answer the Subject Questions.

Uehling is ORDERED to show cause in writing, no later than **June 13, 2014**, before United States District Judge Lawrence J. O'Neill as to why he should not be held in contempt.

## 2.    The Contempt Proceedings Before Judge O'Neill Will Be Determined On the Papers

In general, proceedings for civil contempt "are instituted by the issuance of an Order to Show Cause ... why a contempt citation should not issue and a notice of a date for the hearing." *Alcalde v. NAC Real Estate Invs. & Assign., Inc.*, 580 F.Supp.2d 969, 971 (C.D. Cal. 2008). Due process requires that Uehling receive proper notice and an opportunity to respond and to be heard before civil contempt sanctions are imposed. *United States v. Powers*, 629 F.2d 619, 626 (9th Cir. 1980).

Generally, a district court should not impose contempt sanctions solely on the basis of affidavits. *Pennwalt Corp. v. Durand-Wayland, Inc.,* 708 F.2d 492, 495 (9th Cir. 1983). A civil contempt proceeding is a trial within the meaning of Fed. R. Civ. P. 43(a) rather than a hearing on a motion." *Id.* However, where the affidavits offered in support of a finding of contempt are uncontroverted, a district court need not hold an evidentiary hearing. *Peterson v. Highland Music*, 140 F.3d 1313, 1324 (1998). "A trial court may in a contempt proceeding narrow the issues by requiring that affidavits on file be controverted by counter-affidavits and may thereafter treat as true the facts set forth in uncontroverted affidavits." *Id*. The opportunity to fully brief the evidentiary issues satisfies due process requirements. *Pacific Harbor Capital v. Carnival Airlines, Inc.,* 210 F.3d 1112, 1118 (9th Cir. 2000).

Here, there is no reason to hold a hearing in this civil contempt proceeding.  Uehling acknowledges he has violated the Court's June 27 Order for the purpose of being found in contempt; thus, making the June 27 Order final and appealable. The only open question is the type of sanctions that will accompany the contempt order.

Each party shall file a brief in response to this Order to Show Cause that explains their position as to whether Uehling should be found in contempt of court.  The briefs will be directed to United

7

States District Judge Lawrence J. O'Neill, supported by affidavits and relevant exhibits, and shall not exceed ten (10) pages in length (exclusive of affidavits and exhibits).  The parties' briefs shall be due on or before **June 13, 2014.**

## C.     Findings and Recommendations For Contempt Proceedings

Discussed above, civil contempt can be characterized by the court's desire to compel obedience *or* to compensate the contemnor's adversary for the injuries which result from the noncompliance. *Falstaff Brewing Corp.,* 702 F.2d at 778; *Shillitani,* 384 U.S. at 370, 86 S.Ct. at 1535. This Court recommends light sanctions accompany an order of contempt: sanctions that have the effect of compensating Millennium for Uehling's noncompliance, rather than sanctions designed to compel obedience with the Court's order. The Court's rationale for this recommendation is threefold.

First, Uehling's conduct is not as egregious as Millennium suggests.[2]  Uehling was put to a difficult choice: Uehling adamantly disagrees with Court's ruling concerning the crime-fraud exception to the attorney-client privilege doctrine, but has no way to challenge this order except under the most stringent standards of review.  Uehling's only option is to "double down" on his position, face contempt sanctions, and risk substantial loss if he loses his appeal on the merits.  This is precisely what Uehling did.  *See,* Doc. 80, 4: 7-13; 5: 17-26; 6: 7-13; 7: 22-27. Not wishing to moot his objections to the discovery order, Uehling chose not to comply and risk contempt sanctions. Being forced to disobey an order of the district court, and face contempt sanctions, in order to obtain review of the court's ruling seems a harsh choice. That choice is compelled by the case law, however, and it is a choice Uehling was free to exercise.

Second, the only injury Millennium has sustained as a result of Uehling's refusal to answer the Subject Questions are the attorneys' fees it incurred conducting the fourth day of Uehling's deposition, as well as the fees it incurred bringing the instant motion.  Millennium does not identify, and this Court does not perceive, any harm to Millennium resulting from Uehling's refusal to answer the Subject Questions.

---

[2] Millennium argues that Uehling is "defy[ing] the rule of law," "flagrantly disobeying the Court's Order," and that "the most severe sanctions are warranted," including imprisonment and tens –likely, hundreds -- of thousands of dollars in monetary sanctions.

The Subject Questions call for information that is of minimal relevance to the *Nelson* action. Millennium has consistently argued it requires information that may reveal Uehling's potential bias. By obtaining testimony concerning Uehling's involvement in litigation against Millennium, and whether Uehling has used, improperly or otherwise, Millennium property, Millennium has the evidence it desires. However, whether an attorney instructed Uehling to take certain actions with Millennium's property is relevant only in the most attenuated sense. Indeed, if an attorney instructed Uehling to misappropriate Millennium property, it would seem to this Court that such a circumstance bolsters Uehling's credibility when compared to a circumstance where Uehling misappropriated Millennium's property on his own initiative. Thus, the Court is not persuaded by Millennium's arguments that this information is needed for the rapidly approaching *Nelson* trial. Further, this Court does not believe Millennium is damaged without this information.

Third, this Court is troubled by the circumstances surrounding Millennium's Motion. Uehling is not a party to the *Nelson* litigation. Discussed above, the Subject Questions are of minimal relevance to the *Nelson* action. The evidence shows that the primary attorneys – for both Ms. Nelson and Millennium – in the *Nelson* action have largely abandoned any interest in Uehling's continued deposition. Yet, Millennium – led not by its attorneys in the *Nelson* action, but by counsel who specializes in False Claims Act litigation -- requests the harshest sanctions permitted under the law: imprisonment and monetary sanctions amounting to tens, if not hundreds, of thousands of dollars.

These circumstances suggest that Millennium's continued interest in Uehling's testimony, as well as the requested sanctions, have little to do with the *Nelson* litigation. It is the opinion of this Court that Millennium is using the *Nelson* litigation to obtain as much information as possible in anticipation of the need to defend against a qui tam action. Moreover, it appears to this Court that Millennium has summoned its considerable resources to retaliate against, and borderline harass, a non-party witness because that witness may be a relator in a qui tam action against Millennium.

For all the reasons discussed herein, this Court recommends only those contempt sanctions that will compensate Millennium for its losses as a result of Uehling's refusal to comply with the June 27 Order. Those losses are limited to reasonable attorney's fees incurred attending Uehling's fourth deposition, as well as reasonable attorneys' fees incurred litigating the instant motion.

**D.      Uehling's Opportunity to Purge A Contempt Sanction**

As a final matter, the Court notes that any contempt sanctions levied by the district judge are considered to be avoidable through obedience to the Court's order. *Int'l Union*, 512 U.S. 821, 827, 114 S.Ct. 2552, 129 L.Ed.2d 642. The court must allow the contemnor to "purge" the sanction imposed by complying with the discovery order. *Int'l Union,* 512 U.S. 821, 828, 114 S.Ct. 2552, 129 L.Ed.2d 642.

Should Uehling choose to fully comply with the Court's June 27 Order, the contempt sanctions levied against him will be vacated.

### IV.      CONCLUSION

Based on the foregoing, the Court ORDERS as follows:

1.   Ryan Uehling is hereby ORDERED TO SHOW CAUSE as to why he should not be held in contempt of court for disobeying the Court's June 27, 2013 Order. Uehling is ORDERED to show cause in writing, no later than **June 13, 2014**, before United States District Judge Lawrence J. O'Neill, as to why he should not be held in contempt.

2.   The parties shall file their briefs in response to this Order to Show Cause on or before **June 13, 2014**;

Further, the Court RECOMMENDS as follows:

1.   Ryan Uehling be found in contempt of Court;

2.   As civil contempt sanctions, Ryan Uehling be ordered to pay Millennium monetary sanctions, in the form of reasonable attorneys' fees Millennium incurred attending Uehling's fourth day of deposition, as well as reasonable fees incurred bringing the instant motion;

///
///
///
///
///
///
///

3.   The amount of civil contempt sanctions should be assessed in light of the following findings: (1) Uehling is not a party to the *Nelson* litigation; (2) the testimony at issue is minimally relevant; (3) Uehling's failure to comply with the June 27, 2013 Order, while worthy of a contempt finding, was the only practicable means by which he could obtain appellate review of the June 27, 2013 Order; and (4) Millennium is pursuing further deposition testimony from Uehling, as well as contempt sanctions against Uehling, for reasons unrelated to the underlying *Nelson* action.

IT IS SO ORDERED.

Dated:   **May 29, 2014**          /s/ *Barbara A. McAuliffe*
                                UNITED STATES MAGISTRATE JUDGE