UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re Ryan Uehling | Case No. 1: 13-mc-00022-BAM |
| Kelly Nelson, | **ORDER GRANTING MILLENNIUM LABORATORIES, INC.'S MOTION TO UNSEAL PORTIONS OF RYAN UEHLING'S DEPOSITION TESTIMONY (DOC. 68)** |
| Plaintiff, | |
| Millennium Laboratories, Inc., *et al.*, | |
| Defendants. | |
| *Pending in the United States District Court for the District of Arizona as Case No. 2: 12-cv-01301-SLG* / | |

### I.     INTRODUCTION

Currently before the Court is Millennium Laboratories, Inc.'s ("Millennium") Motion to Unseal portions of Ryan Uehling's ("Uehling") deposition testimony. Uehling filed an opposition on May 16, 2014. (Doc. 78.) Millennium filed a reply on May 23, 2014. (Doc. 81.) The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g) and vacated the hearing set for May 30, 2014. (Doc. 84.)

Having carefully considered the parties' briefs, as well as the entire record in this case, the Court GRANTS Millennium's Motion to Unseal Portions of Ryan Uehling's Deposition Testimony.

1

## II. BACKGROUND

This dispute arises out of discovery in litigation currently pending in the United States District Court for the District of Arizona, *Nelson v. Millennium Laboratories, Inc.*, No. 2:12-cv-01301-SLG (D. Ariz. filed June 18, 2012). In that case, Plaintiff Kelly Nelson ("Nelson"), a former Millennium employee, asserts various employment-related claims (age and sex discrimination, sexual harassment, retaliation and various tort-based claims). Among these claims, Nelsen alleges Millennium retaliated against her for complaining about Millennium's improper business practices.

Uehling is not a party to the Arizona case. Uehling, a former Millennium employee, previously held the position of Regional Business Director in the West region and directly supervised Nelson prior to his termination from Millennium. Nelson identified Uehling as a witness in support of her claims against Millennium. Uehling resides in this District.

Uehling appeared for deposition on April 2-3, 2013, pursuant to notices and subpoenas served by both Nelson and Millennium.[1] During direct examination by Nelson's counsel, Uehling testified, *inter alia*, that Nelson had been a model employee while reporting to him at Millennium and that in his view, there was no job-related basis for her termination. Uehling also testified that Nelson had expressed concerns to him regarding certain business practices that she had been directed to participate in as a Millennium employee.

Millennium's counsel thereafter sought to explore Uehling's potential bias. Uehling refused to answer 135 questions on grounds of relevance and various privileges. At issue then and now was an undefined "statutory privilege." Millennium believes this statutory privilege relates to Uehling's status as a relator in a False Claims Act qui tam action against Millennium.

Millennium subsequently moved to compel Uehling to provide further deposition testimony. (Doc. 1, 3.) Millennium argued that even if Uehling was a relator in a qui tam action, any related statutory privilege did not outweigh Millennium's right to explore Uehling's potential bias as a percipient witness in the *Nelson* litigation.

---

[1] The transcripts for these two days of deposition testimony are hereinafter referred to as "Volumes I & II."

2

1  On June 27, 2013, the Court granted Millennium's motion to compel Uehling to answer deposition questions, with the caveat that the continued deposition be conducted under seal to avoid public disclosure of testimony relating to the nature and existence of a potential False Claims Act qui tam suit. (Doc. 22.)

Uehling subsequently petitioned the Ninth Circuit Court of Appeals for a Writ of Mandamus. (Doc. 29.) Uehling did not challenge the Court's ruling with respect to his statutory privilege. Rather, Uehling challenged the Court's ruling with respect to five deposition questions that inquired whether attorneys instructed Uehling to take certain actions with Millennium property. Uehling objected to such questions as calling for information protected by attorney-client privilege. This Court overruled those objections under the crime-fraud exception to the attorney-client privilege doctrine. The Ninth Circuit stayed this Court's Order compelling responses to these five questions during the appeal.

On July 31, 2013, Uehling submitted to a third day of deposition testimony ("Volume III"), subject to the Ninth Circuit's stay as to those five deposition questions. (Doc. 30). After the Ninth Circuit denied Uehling's mandamus petition (Doc. 58) and then denied his petition for rehearing en banc (Doc. 65), on April 21, 2014, Uehling submitted to a fourth day of deposition testimony ("Volume IV"). Millennium now moves to unseal those portions of Volumes III of Uehling's deposition testimony that does not concern the nature and existence of a potential False Claims Act qui tam suit. Millennium also moves to unseal all of Volume IV of Uehling's deposition testimony.[2]

### III. DISCUSSION

A.  **Legal standard**

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597, n. 7, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm*

---

[2] The redacted portion of Volume III for which Millennium seeks to unseal, as well as Volume IV, are attached to Millennium's Motion as exhibits C and B, respectively. For ease of reference, the Court refers to deposition testimony proposed to be unsealed as the "Subject Testimony."

*Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In keeping with the strong public policy favoring access to court records, most judicial records may be sealed only if the court finds "compelling reasons." *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) (citing *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010) (amended opinion)). However, a less exacting "good cause" standard "applies to private materials unearthed during discovery," and to "previously sealed discovery attached to a nondispositive motion." *Id.* (citing *Pintos*, 605 F.3d at 678); *See also,* Local Rule 141(f) ("the Court may, upon a finding of good cause or consistent with applicable law, order documents unsealed.")

### B.     Uehling Has Not Shown Good Cause to Seal the Subject Testimony

Uehling's deposition testimony was previously sealed.  Accordingly, the Court inquires whether Uehling has shown "good cause" – the less exacting standard -- for maintaining the seal. *See, Oliner,* 745 F.3d at 1025-1026.

This Court prospectively sealed Uehling's continued deposition to protect his status as a relator in a potential qui tam suit, assuming one exists. Uehling does not suggest there is any other reason to seal his deposition testimony.  Whether Uehling's deposition testimony should remain sealed, therefore, inquires if the Subject Testimony touches on the nature or substance of a potential qui tam action.

The Court has thoroughly reviewed the Subject Testimony. With respect to the redacted version of Volume III, the vast majority of Uehling's deposition testimony concerns actions Uehling took with Millennium property.  Briefly, the redacted Volume III touches on the following subjects as well: whether Uehling researched "whistleblower" law firms after being terminated; whether Uehling testified and provided documents in a grand jury investigation; whether Uehling meet with attorneys for Millennium's competitor, Ameritox; and whether Ameritox financed Uehling's legal representation. Similarly, the entire line of questioning in Volume IV concerns actions Uehling took with Millennium property, and whether an attorney instructed him to take those actions.

The Subject Testimony does not concern the nature or substance of a potential qui tam action.[3] The Subject Testimony does not inform the reader whether Uehling is currently involved in any action against Millennium, nor does the Subject Testimony concern the nature or substance of any claims Uehling or the government may be pursuing against Millennium. Simply put, the reasons for which the Court prospectively sealed Uehling's continued deposition testimony are not present in the Subject Testimony. The Subject Testimony concerns Uehling's potential bias against Millennium. This type of information is not "traditionally kept secret," and Uehling has not shown good cause to shield this information from the public.

### IV.   CONCLUSION

Based on the foregoing, the Court Orders as follows:

1. Millennium's Motion to Unseal (Doc. 68) is GRANTED;

2. The redacted version of Ryan Uehling's July 31, 2013 deposition transcript, attached to Millennium's Motion as Exhibit C, shall be UNSEALED, subject to the following amendment: Lines 13-15 on page 466 of the July 31, 2013 deposition transcript shall be redacted;

3. Ryan Uehling's April 21, 2014 deposition transcript shall be UNSEALED.

IT IS SO ORDERED.

Dated:   **May 29, 2014**                           /s/ *Barbara A. McAuliffe*
                                                  UNITED STATES MAGISTRATE JUDGE

---

[3] The lone exception to this finding appears on page 466, lines 13-15 of Volume III. *See,* Millennium Exhibit C. However, in its reply brief, Millennium has agreed to redact those three lines. *See,* Doc. 81, 3: 6-8.